**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

CARLOS ALBERTO RODRIGUEZ-
ALVAREZ,

*Defendant-Appellant.*

⎫
⎬
⎭

No. 02-4280

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-01-198)

Submitted: July 24, 2002

Decided: August 6, 2002

Before WIDENER and KING, Circuit Judges,
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Anna Mills Wagoner, United States Attorney, Steven H. Levin, Assis-
tant United States Attorney, Greensboro, North Carolina, for Appel-
lee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Following a jury trial, Carlos Alberto Rodriguez-Alvarez was convicted on one count of possession with intent to distribute 461.6 kilograms of a mixture or substance containing marijuana, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B) (2000). Rodriguez-Alvarez appeals, contending that the evidence was insufficient to support his conviction. Finding no merit to his claim, we affirm.

On September 8, 2000, a North Carolina Division of Motor Vehicles Enforcement officer stopped the tractor trailer Rodriguez-Alvarez was driving to conduct a safety inspection. The trailer was locked and sealed, and after initially denying that he had a key, Rodriguez-Alvarez eventually gave the key to the officer who opened the trailer and discovered a shipment of limes, along with a large quantity of marijuana. The government presented evidence at trial contradicting Rodriguez-Alvarez's claims that he was asleep when the trailer was loaded and that the produce company loaded the trailer, and locked and sealed it. Specifically, two witnesses testified that Rodriguez-Alvarez was present when the trailer was loaded and made specific requests about the manner in which the cargo was loaded, including accepting a smaller load than the order indicated. Furthermore, the witnesses stated that the produce company did not lock and seal trailers and that Rodriguez-Alvarez inquired about seals and also specified that he wanted the cargo destined for Philadelphia placed in the front of the trailer and the cargo destined for New York in the back of the trailer, even though the shipment was heading north from Texas. The jury found Rodriguez-Alvarez guilty.

On appeal, Rodriguez-Alvarez claims that the evidence was insufficient to support his conviction. To prove possession with intent to distribute marijuana, the government must show that the defendant knowingly possessed the illegal substance with intent to distribute it.

*United States v. Randall*, 171 F.3d 195, 209 (4th Cir. 1999). In this appeal, Rodriguez-Alvarez does not dispute that he possessed the marijuana, nor does he contest the drug quantity. However, he contends that the evidence was insufficient to show that he knew that he possessed marijuana or that he intended to distribute the drugs.

Evidence presented at trial contradicted Rodriguez-Alvarez's claims that he was asleep when the limes were loaded and that the produce company that loaded the limes sealed the trailer. Moreover, witnesses testified that Rodriguez-Alvarez accepted a smaller load than ordered and directed that the cargo be loaded in an unusual manner. Viewing the evidence in the light most favorable to the government, we find sufficient evidence to support the jury's conclusion that Rodriguez-Alvarez knowingly possessed the marijuana and intended to distribute it. *Glasser v. United States*, 315 U.S. 60, 80 (1942); *see also United States v. Burgos*, 94 F.3d 849, 873 (4th Cir. 1996) (intent to distribute may be inferred from quantity greater than amount for personal consumption). We therefore affirm Rodriguez-Alvarez's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*